IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYBETH PETERS,<br>  Register of Copyrights,<br>  United States Copyright Office,<br><br>        Plaintiff,<br><br>v.<br><br>AFRICA WORLD PRESS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.    Jurisdiction is founded upon 28 U.S.C. § 1345, and 17 U.S.C. § 407(d). Venue is proper under 28 U.S.C. § 1391(b) and (c).

2.    Plaintiff is the Register of Copyrights, United States Copyright Office, and brings this action on behalf of the United States of America.

3.    On information and belief, the Defendant Africa World Press is doing business in the State of New Jersey with a place of business in Trenton, New Jersey.

4.    This action is brought under 17 U.S.C. § 407 to recover costs and penalties for the failure of Defendant to comply with the deposit requirements set out by that statute.

5.    Exhibit A, appended hereto and incorporated by reference herein, lists 56 books that Africa World Press has published in the United States. To date, Africa World Press has failed to deposit two complete copies of the best edition of each of these publications in the Library of Congress after publication, as required by 17 U.S.C. § 407(a).

6.    The Copyright Acquisitions Division of the Library of Congress sent a written demand letter on June 24, 2005, (Exhibit B) to Africa World Press seeking compliance with the

deposit requirement of 17 U.S.C. § 407(a) for 66 publications.  Three follow-up letters regarding these publications were sent to Defendant (Exhibit C), but Africa World Press did not deposit any of the publications during this time period.  Three of the publications, however, were discovered to already be in the Library of Congress collections.

7.	The Copyright Acquisitions Division of the Library of Congress separately sent written demand letters for two additional publications, including Swahili Modernalities: Culture, Politics, and Identity on the East Coast of Africa.  These letters were dated April 19, 2005, and May 5, 2005, (Exhibit D) and were followed by an additional demand letter for the same two publications on September 13, 2005.  (Exhibit E).  Swahili Modernalities, however, has not been provided to the Library of Congress, while the other publication was later provided.

8.	Having received no response to any of the demand letters, the General Counsel's Office of the Copyright Office sent a letter on February 14, 2006, (Exhibit F) demanding all 65 publications that had not been deposited at that time.  Africa World Press did not respond to this letter.

9.	The Department of Justice then sent both (1) a final demand letter by Certified Mail on September 8, 2006, (Exhibit G) and (2) a second final demand letter by Federal Express on January 26, 2007, (Exhibit H) to Africa World Press in order to secure compliance with the deposit requirements for 65 publications previously requested (but not received) by the Library of Congress.

10.	In response to these letters, Defendant  provided copies of eight publications and another publication was identified to be in the Library of Congress collections.  Defendant, however, continues to refuse to comply with the requests for the remaining 56 publications listed

in Exhibit A.

11. By reason of the foregoing, as prescribed by 17 U.S.C. § 407(d), Defendant is liable to Plaintiff for a pecuniary penalty of $250 as prescribed by § 407(d)(1) for each book published in the United States subsequent to January 1, 1978, for which there has been a written demand and the mandatory deposit has not been received.  For the 56 publications listed in Exhibit A, this penalty amounts to $14,000.

12. Defendant Africa World Press is also liable for the total retail price of the copies, or, if no retail price has been fixed, the reasonable cost to the Library of Congress of acquiring them pursuant to § 407(d)(2).  Because Defendant has willfully and repeatedly refused to comply with at least four deposit demands made by Plaintiff, Defendant is also liable to pay a fine of $2,500 as set forth in § 407(d)(3).

WHEREFORE, Plaintiff prays:

1. That judgment be entered in favor of Plaintiff in the amount of its claims, with interest and costs;

2. That Plaintiff be awarded its reasonable attorneys fees; and

3. That Plaintiff have such further relief as may be just and proper.

        Respectfully submitted,

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General

        JOHN FARGO
        Director

        CHRISTOPHER J. CHRISTIE
        United States Attorney

        s/ *Daniel J. Gibbons*

        Daniel J. Gibbons
        Assistant United States Attorney
        970 Broad Street
        Newark, N.J. 07102
        Telephone:  (973) 645-2828

March 13 , 2008